IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Willie James Ervin, | C/A No. 6:20-0323-BHH |
| Petitioner, | **ORDER AND OPINION** |
| vs. | |
| Michael James Stephen, | |
| Respondent. | |

This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina. On February 3, 2020, Magistrate Judge McDonald issued a Report recommending that this action be dismissed *without prejudice* and without requiring the Respondent to file an answer or return. (ECF No. 8.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made.

Plaintiff filed objections to the Report which the Court has carefully reviewed. (ECF No. 14.) Objections to the Report must be specific. Failure to file specific objections

constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate his claims. Plaintiff's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. Therefore, after a thorough review of the Report, the record, and the applicable law, the Court finds that Plaintiff's objections are without merit

Accordingly, the Report and Recommendation (ECF No. 8) is adopted and incorporated herein by reference, and this action is DISMISSED *without prejudice* and without requiring the Respondent to file an answer or return.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard

for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

    **IT IS SO ORDERED.**

                                      /s/Bruce Howe Hendricks
                                      United States District Judge

January 24, 2022
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

    The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.